IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARQUITA MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:19-cv-496-ECM-WC |
| | ) |
| BURGER KING, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.     INTRODUCTION**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 6). The *pro se* plaintiff, Marquita Martin ("Martin" or "Plaintiff"), brings this Title VII action pursuant to 42 U.S.C. § 2000 against three separate defendants.

**II.    STANDARD OF REVIEW**

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 Fed. App'x 863, 864 (11th Cir. 2008). Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by

*Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 Fed. App'x 91, 93 (11th Cir. 2009) (internal citations and quotation omitted).

### III.  DISCUSSION

The Complaint was filed in this court on July 14, 2019, and Plaintiff was granted leave to proceed *in forma pauperis* on September 26, 2019.  To date, Defendants Burger King, Kentavious Miller, and Stella Carriage have not been served. *See* Fed. R. Civ. P. 4(m).  On October 17, 2019, following the summons being returned as unexecuted, the Court issued an order directing Martin to "furnish the Clerk's Office with the correct addresses for Defendants." Doc. 10.  Plaintiff failed to comply with the Court's order.  Subsequently, on January 3, 2020, the Court issued an order directing the Plaintiff to "show cause why this action should not be dismissed for failure to timely perfect service." Doc. 10.  Plaintiff had a deadline of January 17, 2020, to perfect service of process or show cause for her failure to do so.  Martin was specifically warned that her failure to comply could lead to the case being dismissed.

To date, Martin has failed to file anything in response to the Court's orders.  Under Rule 4(m) of the Federal Rules of Civil Procedure:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  "When a plaintiff fails to perfect service of process within the [90-day] period, the court may dismiss the action or grant an extension of time to serve process for either 'good cause' or another sufficient ground unless the plaintiff can show good

2

cause or establish sufficient grounds for an extension of this time period." *Smith v. Hyundai Motor Mfg. Of Ala*, No. 2:08CV195-MHT, 2008 WL 4372456, at *1 (M.D. Ala. Sept. 22, 2008) (citing *Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1132 (11th Cir. 2005)).

The time allowed for Martin to perfect service of process expired on December 26, 2019. The Court's January 3, 2020, Order provided Plaintiff an opportunity to provide the court with good cause warranting an extension of time for service. However, Plaintiff has failed to allege the existence of good cause. The Court, therefore, concludes that Plaintiff has abandoned her claims, failed to comply with orders of this Court, and failed to prosecute this cause of action against Defendants Burger King, Kentavious Miller, and Stella Carriage. Consequently, this case is due to be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

**IV.    CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice. It is further

ORDERED that Plaintiff may file any objections to this Recommendation **on or before February 14, 2020**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of "plain error if necessary in the interests of justice." 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 31st day of January, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE